1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIRST FINANCIAL INSURANCE<br>COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>BUTLER CHAMBERLAIN-NEILSEN<br>RANCH LTD.; W.L. BUTLER, INC.; AMCO<br>INSURANCE COMPANY; AND DOES 1<br>THROUGH 100,<br><br>          Defendants. | Case No:  C 10-2004 SBA<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Docket 11 |

9

10

11

12

13

14

15

16

17

18      Plaintiff, First Financial Insurance Company ("First Financial"), along with twelve

19   other insurance companies, provided a defense to their insureds, Defendants Butler

20   Chamberlain-Neilsen Ranch Ltd. ("Butler") and W.L. Butler, Inc. ("W.L. Butler"), who

21   were sued in an underlying state court construction defect action.  First Financial filed the

22   instant diversity jurisdiction action in this Court seeking reimbursement of its share of those

23   defense costs.  The parties are presently before the Court on Defendants' Motion to Dismiss

24   for Failure to Join a Party Under Rule 19.  Dkt. 11.  Having read and considered the papers

25   filed in connection with this matter and being fully informed, the Court hereby DENIES the

26   motion for the reasons set forth below.  The Court, in its discretion, finds this matter

27   suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R.

28   7-1(b).

I.      **BACKGROUND**

Butler was the developer of an eighty-unit residential housing development ("the Project") located in Santa Rosa, California.  Compl. ¶ 7, Dkt. 1.  Butler hired W.L. Butler to act as the general contractor on the Project.  Id. ¶ 8.  Butler and W.L. Butler, both of which are California entities, required their subcontractors to obtain commercial general liability insurance ("CGL Policies") naming both of them as additional insureds.  Id. ¶ 9.  First Financial issued CGL Policies to three of the subcontractors on the Project.  Id. ¶ 19.

Following completion of the Project, various homeowners filed a construction defect lawsuit against Butler and W.L. Butler, and their subcontractors.  See Beiting v. Butler-Chamberlain Nielson Ranch, et al., Sonoma County Super. Ct. Case No. SCV-236761 (collectively "the Underlying Actions"); Compl. ¶ 10.  Butler and W.L. Butler tendered the defense of the Underlying Actions to the subcontractors' insurers, including First Financial, which accepted the tender under a reservation of rights.  Id. ¶¶ 19-20.  After several years of litigation, the Underlying Actions eventually settled for $6 million.  Id. ¶ 14.  Though First Financial did not contribute to the settlement, it paid in excess of $640,000 in defense costs for Butler and over $400,000 for W.L. Butler.  Id. ¶¶ 15-16.

On May 10, 2010, First Financial filed the instant action against Butler and W.L. Butler, as well as, AMCO Insurance Company, which insured one of the subcontractors on the Project.  Compl. ¶ 28.  The first cause of action for reimbursement of defense costs is alleged solely against Butler and W.L. Butler, and alleges that "much of the [defense] costs" incurred in the Underlying Actions were for non-covered claims.  Id. ¶ 22.  The second and third causes of action, which are both styled as claims for equitable contribution and indemnity, are alleged against AMCO.  AMCO filed its Answer to the Complaint on June 30, 2010.  Dkt. 10.

**II.    LEGAL STANDARD**

A defendant may bring a motion to dismiss under Rule 12(b)(7) for failure to join a indispensible party.  Federal Rule of Civil Procedure 19 provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party.  United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999).  First, the court must determine whether the absent party is "necessary" under Rule 19(a)(1).  Id. Second, "[i]f the absent party is 'necessary,' the court must determine whether joinder is 'feasible.'"  Id.  Finally, if joinder is not "feasible," the court must decide whether the absent party is "indispensable," i.e., whether in "equity and good conscience" the action can continue without the party.  Id. (citing Fed.R.Civ.P. 19(b)).  "T]he moving party has the burden of persuasion in arguing for dismissal."  Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).  In considering such a motion, the court may consider evidence outside of the pleadings.  See McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960); see also Citizen Band Potawatomi Indian Tribe of Okla. v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994).

**III.   DISCUSSION**

### A.    DISMISSAL FOR FAILURE TO JOIN A NECESSARY AND INDISPENSIBLE PARTY UNDER RULE 19

A party may be "necessary" under Rule 19 in either of two ways.  Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004).  First, "a party is deemed 'necessary' if complete relief cannot be granted in its absence."  Id.  "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." Id.  Second, a party is "necessary" pursuant to Rule 19(a)(2) if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests."  Id. at 880.  In other words, the court "must determine whether the absent party has a legally protected interest in the suit," and, if so,

1    whether "that interest will be impaired or impeded by the suit."  Makah Indian Tribe, 910

2    F.2d at 558.

3          In their motion to dismiss, Defendants argue that all of the other insurers who

4    provided a defense in the Underlying Actions and who had previously agreed to the

5    allocation of fees and costs are "necessary" parties to this action.  Defs.' Mot. at 11-12.

6    According to Defendants, First Financial originally threatened to file suit in state court

7    against all of the insurance carriers who provided a defense for Butler and W.L Butler,

8    unless they agreed to reallocate fees expended on their behalf.  Defs.' Mot. at 4; Gaglisasso

9    Decl. ¶ 11, Dkt. 14.  In response, Butler and W.L. Butler advised First Financial that it had

10   waived its right to seek reallocation in exchange for W.L. Butler's agreement to dismiss its

11   claims against the subcontractors who were insured by First Financial.  Gaglisasso Ex. D.

12   Thus, Defendants claim that First Financial's presently lawsuit against them is, in actuality,

13   a disguised reallocation action which requires the joinder of the other insurers.  Defs.' Mot.

14   at 12.

15         The fundamental flaw in Defendants' argument is that it mischaracterizes First

16   Financial's claim.  First Financial is not, as Defendants suggest, seeking to have defense

17   costs from the Underlying Action *reallocated* among the various insurers.  Rather, First

18   Financial is seeking to recover *from Butler and W.L. Butler* the amount of defense costs

19   that First Financial paid on their behalf on the grounds that its policies do not provide

20   coverage for "much of" the claims and/or damages asserted in the Underlying Actions.

21   Compl. ¶ 22.  "An insurance company's right to seek reimbursement for certain defense

22   costs already expended in underlying litigation, such as [First Financial] seeks here, was

23   declared by the California Supreme Court in Buss v. Superior Court, 16 Cal.4th 35 []

24   (1997)."  United Nat'l Ins. Co. v. R&D Latex Corp.  242 F.3d 1102, 1113 (9th Cir. 2001).

25         Notably, Defendants do not dispute that First Financial has a right to seek recovery

26   of its costs under Buss.  Defs.' Reply at 2.  Nonetheless, they simply restate their assertion

27   that what Defendants in reality are seeking is the reallocation of expenses between the other

28   insurers involved in the Underlying Action.  Repeating an argument, however, does not

1    make it more compelling.  Moreover, Defendants ignore the allegations of the Complaint,

2    which does not challenge the method of allocation.  What the Complaint *does* seek is the

3    recovery of defense costs that First Financial paid on Defendants' behalf that First

4    Financial contends were not covered under the subject insurance policies.  The other

5    insurers are neither necessary nor germane to this coverage determination.  See Northrup

6    Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1046 (9th Cir. 1983) (non-contracting

7    party was not a necessary party under Rule 19 in a private contract and antitrust dispute).

8              **B.      DISMISSAL BASED ON FIRST FINANCIAL'S ALLEGED "BAD FAITH"**

9              Though explicitly bringing their motion under Rule 12(b)(7) which allows for

10   dismissal for "failure to join a party under Rule 19," Defendants also "seek dismissal of the

11   current action for plaintiff's bad faith conduct."  Def.'s Mot. at 3.  These additional

12   arguments for dismissal plainly are not within the scope of a Rule 12(b)(7) motion and thus

13   are not properly before the Court.  Nor can the Court construe Defendants' arguments

14   under Rule 12(b)(6), which authorizes dismissal for failure to state a claim, since they are

15   based upon matters outside the pleadings.  See Outdoor Media Group, Inc. v. City of

16   Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

17             **C.      FIRST FINANCIAL'S REQUEST FOR SANCTIONS**

18             In their Opposition, First Financial requests the imposition of sanctions against

19   Defendants for bringing a frivolous motion and for engaging in unethical conduct.  Pl.'s

20   Opp'n at 15, Dkt. 40.  Under 28 U.S.C. § 1927, the district court may impose sanctions

21   against anyone "who so multiplies the proceedings in any case unreasonably and

22   vexatiously."  28 U.S.C. § 1927.  The Court also has inherent authority to impose sanctions

23   to address conduct amounting to bad faith.  See F.J. Hanshaw Enters., Inc. v. Emerald River

24   Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S.

25   32, 55 (1991)).[1]  Here, the Court concurs that Defendants' motion was ill-conceived and

26

27            [1] Defendants that Plaintiff's request for sanctions is improper because Rule 11(c)(2)
     requires the filing of a separate motion.  Pl.'s Reply at 12.  However, Defendants are *not*
28   requesting Rule 11 sanctions.

should not have been filed.  That being said, Defendants' conduct, while misplaced, was not so egregious to warrant the imposition of sanctions.  See Lahiri v. Universal Music and Video Distrib. Corp., 606 F.3d 1216, 1223 (9th Cir. 2010) ("The district court's authority to sanction attorneys under § 1927 and its inherent disciplinary power must be exercised with restraint and discretion.").  Accordingly, First Financial's request for sanctions is DENIED.

## IV.    **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.    Defendants' motion to dismiss and First Financial's request for sanctions are DENIED.

2.    The telephonic Case Management Conference scheduled for October 26, 2010 is CONTINUED to  **February 9, 2011 at 3:15 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement.  The joint statement shall be filed no later than ten (10) days prior to the conference and shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3.    This Order terminates Docket 11.

IT IS SO ORDERED.

Dated:  11/1/10, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge